**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JASON IRVINE,**

        **Plaintiff,**
    **v.**                                                       5:14-cv-01565-TJM-DEP

**ALEXANDER J. CAZZOLLI, Syracuse**
**Police Officer; and MATTHEW LIADKA,**
**Syracuse Police Officer,**

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Jason Irvine commenced this action *pro se*, asserting claims pursuant to 42 U.S.C. § 1983 that Defendants violated his civil rights. After an initial 28 U.S.C. § 1915(a)(1) review conducted by the Hon. David E Peebles, United States Magistrate Judge, and adopted by this Court, only Plaintiff's claims of excessive force and deliberate medical indifference against Defendants Liadka and Cazzolli remain. *See* dkt. # 9 (Report and Recommendation); dkt. # 10 (Decision and Order).

Defendants Liadka and Cazzolli now move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. # 22. Plaintiff opposes the motion, dkt. # 29, and Defendants have filed a reply. Dkt. # 30.

The Court has elected to determine the motion on the basis of the submissions

1

alone. For the reasons that follow, Defendants' motion is granted in part and denied in part.

## II.     BACKGROUND

The Court presumes familiarity with the allegations contained in the Complaint, dkt. # 1, as set forth in Magistrate Judge Peebles' Report and Recommendation. Dkt. # 9. The facts relevant to pending motion will be addressed below.

## III.    STANDARD OF REVIEW

On a motion to dismiss a *pro se* complaint pursuant to Rule 12(b)(6), the Court must construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Gomez v. Cty. of Westchester*, No. 15-879, 2016 WL 2956821, at *1 (2d Cir. May 23, 2016). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a court must accept as true all the factual allegations contained in the complaint, that requirement is "inapplicable to legal conclusions." *Id.*

## IV.    DISCUSSION

### a. Excessive Force

Plaintiff asserts that on May 11, 2013, while he was talking to two other individuals, a black car containing "two black-clothed Caucasian men pulled in front of the driveway

behind [Plaintiff]." Compl. ¶ 6. One of the passengers yelled: "Don't do it you son of a bitch!" *Id.* This caused Plaintiff to fear for his safety so he began running down the street. *Id.* The two occupants from the vehicle pursued Plaintiff. *Id.* When Plaintiff slipped on the grass, the two men jumped on top of him and tackled him to the ground. *Id.* "The two men began to repeatedly knee [Plaintiff] in his sides with their knees. After about half a dozen knee strikes, [Plaintiff] was handcuffed and one officer told the other to 'call this in.'" *Id.* "The other officer, while kneeling on [Plaintiff's] back, punched him in the head and face, while yelling at [Plaintiff] about running from them and drugs." *Id.* "When EMTs showed up they mistakenly believed that [Plaintiff] was in shock and suffering from a cocaine overdose because the Electronic Pulse Reader failed to detect a pulse. This was because the officers had secured the handcuffs to [Plaintiff's] wrist so tightly and cruelly that permanent damage occurred." *Id.*

While Plaintiff does not specifically identify the individuals who took this action, he contends that after he was apprehended he was arrested and "taken/escorted to Upstate Hospital by these same two officers." *Id.* Plaintiff further contends that when he requested to speak with the hospital medical staff regarding his injuries, "he was denied by the Officers Liadka and Cazzolli any further medical attention." *Id.* Given the context of Plaintiff's allegations tying his physical assault to the same officers who escorted him to Upstate Hospital, and his identification of these officers as the defendants in this action, Plaintiff has asserted sufficient factual allegations plausibly suggesting that it was Defendants Liadka and Cazzolli who apprehended and assaulted him on May 11, 2013.

Plaintiff further alleges that on May 16, 2013, while still detained, he was returned

3

to Upstate Hospital where "[i]t was discovered that [he] suffered from pulled muscles, sprained ribs, a chest wall contusion, swollen spleen, and other injuries due to the assault from the officers." *Id.*   Liberally read, Plaintiff's allegations plausibly suggest that on May 11, 2013, Defendants Liadka and Cazzolli pursued him down the street, tackled him to the ground, kneed him repeatedly, and punched him in the head and face, causing Plaintiff to sustain pulled muscles, sprained ribs, a chest wall contusion, swollen spleen, and other injuries.  Further, the allegations plausibly suggest that at least one of the defendants applied handcuffs so tightly that they caused permanent damage to Plaintiff. These allegations provide a sufficient factual predicate to assert plausible Fourth Amendment excessive force claims against both defendants.  *See Graham v. Connor*, 490 U.S. 386, 394-95, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989); [1] *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010)("[T]he inquiry is necessarily case and fact specific and requires balancing the nature and quality of the intrusion on the plaintiffs Fourth Amendment interests against the countervailing governmental interests at stake.")(citation omitted); *O'Dell v. Alvin Tucker Darian Frazier*, 2016 WL 3017241, at \*26 (N.D.N.Y. May 2, 2016)("Handcuffing has been found to give rise to a claim of excessive force where an

---

[1] The Fourth Amendment prohibits the use of excessive force by a police officer "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989). The test for excessive force is one of reasonableness. Id. "Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person." Id. at 394. The Fourth Amendment standard is purely objective: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. This standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. Because the standard is objective reasonableness, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." Id. at 396 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)).

4

individual suffers an injury as a result of being handcuffed."), report and recommendation adopted sub nom. *O'Dell v. Tucker*, 2016 WL 3017391 (N.D.N.Y. May 24, 2016). Accordingly, Defendants' motion in this regard is denied.

### b. Medical Indifference

Regarding his medical indifference claim, Plaintiff asserts that on May 11, 2013, Defendants Liadka and Cazzolli denied his request to speak with the medical staff at Upstate Hospital, denied him his discharge plan from Upstate Hospital, and denied his request for further medical attention. Compl. ¶ 6. While Plaintiff also asserts that once he was incarcerated he was required to sleep on a concrete slab, was denied a request for a blanket and a mattress, and "his complaints of severe pain were met with mockery & humiliating remarks by deputies & overlooked/completely ignored by medical staff," he fails to assert any facts plausibly suggesting that Defendants Liadka and Cazzolli played any role in determining the conditions of his incarceration or preventing his request for further medical attention once he was incarcerated. *Id.*

> To establish a constitutional claim arising out of inadequate medical care, an inmate must prove that prison or jail officials were deliberately indifferent to his serious medical needs. *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003); *see also Caiozzo v. Koreman*, 581 F.3d 63, 70–71 (2d Cir. 2009) (same standard applies to claims brought by pretrial detainees pursuant to the Fourteenth Amendment). The standard entails two showings: objective and subjective. As an objective matter, the plaintiff must show that the alleged deprivation of medical care was "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir.2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective showing is akin to criminal recklessness: that the defendant officials acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Id.* at 280.

*Gomez v. Cty. of Westchester*, No. 15-879, 2016 WL 2956821, at *1 (2d Cir. May 23, 2016).

5

Plaintiff has failed to assert facts plausibly suggesting a viable constitutional denial of medical attention against either Liadka or Cazzolli.  At most, Plaintiff asserts that after Liadka and Cazzolli brought him to a hospital on May 11, 2013 where he was examined by medical professionals and issued a discharge plan, the Defendants refused his request to speak with the medical staff, denied him his discharge plan, and denied him "any further medical attention."  These allegations fail to plausibly suggest that either defendant deprived plaintiff of medical care for an apparent sufficiently serious condition, or that either acted or failed to act while actually aware of a substantial risk that serious harm to Plaintiff would result.  Indeed, as indicated, Defendants brought Plaintiff to the hospital where he was examined by medical professionals, and Plaintiff has failed to allege that he suffered any substantial risk of harm as a result of being denied the ability to speak to medical personnel, obtain further medical attention, or receive his discharge plan on May 11, 2013.

Moreover, while Plaintiff asserts that when he was returned to Upstate Hospital on May 16, 2013 "[i]t was discovered that [he] suffered from pulled muscles, sprained ribs, a chest wall contusion, swollen spleen, and other injuries due to the assault from the officers, " he presents no factual allegation plausibly suggesting that on May 11, 2013 he presented outward signs indicating that he was in need of more medical attention than he received at Upstate Hospital that day.  Accordingly, Defendants' motion with regard to the medical indifference claim against the Defendants Liadka and Cazzolli is granted.

### c. Leave to Replead

While Plaintiff has not asked for leave to replead any dismissed claim,  "'this circuit

6

strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6).'" *Rojas v. Roman Catholic Diocese of Rochester*, 557 F. Supp. 2d 387, 400 (W.D.N.Y. 2008)(quoting *Porat v. Lincoln Towers Community Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006)).  Furthermore, *pro se* plaintiffs are normally afforded an opportunity to amend where a liberal reading of the complaint gives an indication that a valid claim might be stated. *See Carolina v. Rubino*, 2016 WL 1168695, at *3 (2d Cir. Mar. 25, 2016); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999).

While it appears doubtful that Plaintiff could plead a viable constitutional denial of medical attention claim against either Liadka and Cazzolli, the Court will, in an abundance of caution, allow Plaintiff the opportunity to replead these claims.

## V. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

The motion is granted in that the constitutional medical indifference claims against Defendants Liadka and Cazzolli are dismissed with leave to replead. Plaintiff is granted leave of thirty (30) days to file an amended complaint. Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if Plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual bases for all claims asserted therein.**  The failure to file an amended complaint within this time frame will be deemed as an abandonment of the dismissed claims, and a "with prejudice" dismissal will be entered on the Court's docket without further order by the Court</u>.

7

The motion is denied as to the excessive force claims against Defendants Liadka and Cazzolli.

**IT IS SO ORDERED.**

Dated: June 9, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge