UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON IRVINE,

     Plaintiff,

 v.               5:14-cv-1565
                   (TJM/DEP)
ALEXANDER J. CAZZOLLI, et al.,

     Defendants.

---

**Thomas J. McAvoy, SR. U.S.D.J.**

## ORDER

Before the Court is Defendants' motion to dismiss for failure to prosecute and failure to follow a discovery order. See dkt. # 73. The parties have briefed the issues and the Court has determined to decide the motion without oral argument.

### I. BACKGROUND

In this case, Plaintiff alleges that Defendants, two Syracuse Police Officers, used excessive force when arresting him on May 11, 2013. See Complaint, dkt. # 1. Plaintiff contends that the officers failed to identify themselves when they arrived at the scene of his arrest, and he fled. Id. Plaintiff fell down, and two officers jumped on him and tackled him to the ground. Id. They forced his hands behind his back, "nearly dislocating his shoulders." Id. These officers then began to knee Plaintiff in his side. Id. After about a dozen such strikes, they handcuffed him. Id. While one officer called in the arrest to supervisors, the other officer punched Plaintiff in the head and face while kneeling on his

1

back.  Id.  Plaintiff alleges that the officers handcuffed him so tightly that he suffered permanent nerve damage in his wrists.  Id.  He also allegedly suffered pulled muscles, sprained ribs, a chest wall contusion, a swollen spleen, and other injuries.  Id.  Plaintiff further contended that the officers who took him to jail ignored serious medical needs that he faced, causing him additional and serious pain.  Id.

Plaintiff filed his complaint on December 24, 2014, along with a motion for leave to proceed *in forma pauperis*.  See dkt. # 2.  After Plaintiff filed the proper paperwork, on April 22, 2015 Magistrate Judge David E. Peebles gave the case a preliminary reading and issued a Report-Recommendation that proposed that the Cour dismiss the claims against all Defendant except the moving Defendants here.  See dkt. # 9.  The Court adopted the Report-Recommendation on May 19, 2015.  See dkt. # 10.  Defendants filed a motion to dismiss after Plaintiff served the Complaint.  See dkt. # 22.  The Court granted the motion in part and denied it in part on June 9, 2016.  See dkt. # 33.  The Court dismissed Plaintiff's medical indifference claim, but permitted Plaintiff's excessive-force claim against the moving Defendants to continue.  Id.  Defendants answered the Complaint on July 25, 2016.

After the parties engaged in discovery and the Magistrate Judge addressed various discovery disputes, the Defendants on August 7, 2017 filed the instant motion to dismiss for failure to prosecute and failure to obey discovery orders See dkt. # 73.  When Plaintiff did not reply to the motion by the deadline set by the Court, Defendants filed a supplemental motion seeking dismissal.  See dkt. # 77.  Plaintiff responded to the motion, though after the August 25, 2017 deadline set by the Court.  See dkt. # 80.  Defendants responded to this filing by filing an affidavit with the Court that pointed out the lateness of

the filing and again sought dismissal for failure to obey a Court order.

## II.  LEGAL STANDARD

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Involuntary dismissal for a plaintiff's failure to prosecute is a matter committed to the discretion of the trial court[.]" Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995). Still, "the district court's discretion is circumscribed." Coronado v. LeFevre, 173 F.3d 843, 843 (2d Cir. 1999). "Rule 41(b) dismissals are a 'harsh remedy' that are 'appropriate only in extreme circumstances.'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Courts should be especially hesitant to dismiss a case brought by a *pro se* plaintiff based on "'procedural deficiencies.'" Id. (quoting Lucas, 84 F.3d at 535). A court considering a motion under Rule 41(b) applies five factors:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Id. at 112-113. "[N]o factor is dispositive," and the court "is not required to discuss the factors on the record," though a court deciding to dismiss a case stands a better chance of avoiding reversal by providing "'the appellate court . . . the benefit of the district court's reasoning.'" Id. at 113 (quoting Lucas, 84 F.3d at 535).

Federal Rule of Civil Procedure 37(b)(2) permits a court to impose sanctions,

3

including dismissal of the action, when a party "fails to obey an order to provide or permit discovery[.]" FED. R. CIV. P. 37(b)(2)(A). "'[A]ll litigants, including *pro ses*, have an obligation to comply with court orders.'" Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)). "*Pro se* litigants, though generally entitled to 'special solicitude' before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders." Id. (quoting Trestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)). Such dismissals require that "'a warning has been given that non-compliance can result in dismissal.'" Id. (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)). Because of the harsh nature of dismissal as a sanction, that "'remedy [is] to be used only in extreme situations, and then only when a court finds 'wiffulness, bad faith, or any fault' by the non-compliant litigant." Id. (quoting Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990)). Courts use four factors in making this determination:

> "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of . . . non-compliance."

Id. (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

### III.   ANALYSIS

Defendants seek dismissal pursuant to both Rule 41(b) and 37(b)(2). The Court will address each in turn.

#### A.   Rule 41(b)

Defendants argue that Plaintiff's conduct in this case has been "indicative of a failure to prosecute," as exemplified by his recent "neglect" of the deadline established in

this case for responding to Defendants' document demands and interrogatories. Defendants made their discovery demands in January 2017, and Plaintiff had provided only a HIPPA authorization, even after a court order directed him to respond to the filings. Supplemental to filing their initial motion, Defendants informed the Court that Plaintiff had answered their interrogatories, but had still failed to respond to a request for production of documents. In response, Plaintiff does not deny that he has failed to respond to all of Defendants' discovery requests. Instead, he argues that, as a *pro se* Plaintiff who is presently incarcerated, he lacks both the skill and the opportunity to comply with discovery demands. He asserts that he was not made aware of the deadline for responding to Defendants' motion and that he has been unable to obtain permission to make copies of certain records. In his earlier response to Defendants' motion to compel, Plaintiff alleged that he had not intentionally withheld any document, but that he lacked the knowledge or failed to fully understand many of the questions asked him in discovery. See dkt. # 69.

     The Court will deny the motion in this respect. Defendants address only one of the factors listed above, the length of delay in Plaintiff's failure to provide certain discovery requests. While the Court agrees that Plaintiff has been dilatory in responding to those requests, the Court also notes that the Order that directed Plaintiff to respond to discovery demands was entered on the docket on July 12, 2017, and provided Plaintiff 14 days to comply. Defendants filed their motion to dismiss for failure to prosecute on August 7, 2017. A delay of this sort does not strike the Court as so dramatic as to require the drastic sanction of dismissal, particularly because the Defendants do not even attempt to argue that they have been prejudiced by these delays or explain what ongoing prejudice they face. Moreover, Defendants make no suggestion that Plaintiff was put on notice that

5

failing to comply with the Order in question could lead to the sanction of dismissal.[1] Plaintiff proceeds *pro se* and is incarcerated. From the record and the papers provided by the Defendants, it is clear that Plaintiff intends to prosecute the case and is making efforts to do so, despite the limitations presented by his situation.

Thus, while the Court will warn the Plaintiff that he should not delay in answering the discovery requests which are still outstanding. Failure to respond in a timely fashion to discovery requests could lead to sanctions, up to and including dismissal of the case, the Court will deny the Defendants' motion in this respect. Plaintiff should immediately comply with the Magistrate Judge's July 12, 2017 Order by responding to the document requests as directed by the Magistrate Judge, to the extent that he possesses any such documents. Those documents include: any photographs and/or videotapes of the incident giving rise to the lawsuit; itemized bills concerning Plaintiff's damages; any written or recorded statements of witnesses; any expert witness reports or written statements; any documents that reflect communications by the Plaintiff or his attorney to any third parties concerning the incident, including any communication with members of the media; and any copies of statements made by the Defendants, or their agents, servants, employees or representatives. If Defendants does not possess these documents, he should inform the Defendants of that fact in responding to the discovery request.

---

[1] Defendants have filed additional motions and papers pointing out that Plaintiff has failed to meet deadlines to respond to this motion. The Court finds that these failings are not grounds for dismissing the case, particularly because dismissal would be an overly harsh sanction for Plaintiff's conduct. Plaintiff is reminded to comply with the Court's orders in a timely fashion. The Court will construe Plaintiff's response in opposition to Defendants' motion as containing a request for an extension of time to respond to Defendants' motion, and grant that motion. See dkt. # 80. The Court will deny Defendants' supplemental motion to dismiss. See dkt. # 77.

To the extent that they have not yet done so, the parties shall also schedule a deposition of the Plaintiff by December 31, 2017.

### B.     Rule 37(b)(2)

Defendants argue that the Court should dismiss the action because Plaintiff has failed to provide responses to discovery demands and interrogatories.  Defendants offer little by way of argument for why the Court should grant their motion.  Most of their brief simply recites the standards articulated above for Rule 37 motions.

Here, it is clear that Plaintiff has not participated fully in discovery; the Magistrate Judge ordered Plaintiff to answer discovery requests, but Plaintiff had not done so by the time Defendants filed to motion.  While the conduct appears to be somewhat willful, it is also clear to the Court from the writings in the file that Plaintiff may have difficulty both in accessing materials necessary to complete the discovery requests and may not fully understand the process of litigating the case.  Nothing indicates that he has acted in bad faith.  Moreover, as explained above, the period of noncompliance with the latest order was brief before Defendants filed their motion.  Finally, nothing in the record indicates that Plaintiff was warned that failing to cooperate with discovery could lead to dismissal of the action.

The factors therefore do not favor dismissal, and the Court will deny the motion in this respect as well.  The Court warns the Plaintiff, however, that failure to participate in discovery as directed and ordered by the Court could lead to sanctions, including dismissal.

### IV.    CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss for failure to prosecute and supplemental motion to dismiss for failure to prosecute, dkt. #s 73, 77, are hereby DENIED. The Plaintiff is hereby WARNED THAT FAILURE TO PARTICIPATE IN DISCOVERY AS DIRECTED BY THE COURT COULD LEAD THE COURT TO DISMISS THE CASE.

**IT IS SO ORDERED**.

Dated: November 21, 2017

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge